Opinion by
Mr. Justice Day.
We will refer to the parties by name.
Joss was the plaintiff in. the trial to the court without a jury. He obtained judgment against the Scarry Company in the amount of $4,200.00. To reverse the judgment Scarry and the Scarry Company are here by writ of error.
Acting as attorney pro se, Joss filed a claim in the district court entitled “Complaint for Commission Due.” In *489 it he alleged that the company owed him $600.10 for commission due under an agreement dated December 1, 1957. The company filed an answer denying the debt and counterclaiming against Joss for alleged overpayment of $22.08. In an “Answer” to the counterclaim, Joss admitted receiving $1,928.50 from the company, but denied he had been overpaid. Fourteen days after the issues were framed on the original complaint and answer to the counterclaim, Joss filed another pleading, again pro se, entitled “Conversion Complaint.” The gist of plaintiff’s new or “amended” claim was that the company and its officers, whom he sued personally, have “conspired to cheat, steal, to convert, convey, assign and sell” the products of the company through fraudulent distributorships and “to divert said sales by and through said fraudulent •distributorships as to áppear that plaintiff is not entitled to due legal compensation” all in violation of his contract of employment. Joss asked for $50,000.00 for conversion of money belonging to him, $10,000.00 for punitive damages, $10,000.00 for special damages, and $10,000.00 for exemplary damages.
Joss filed no other pleadings, but at the time of trial he was represented by an attorney who neither before, during or after the trial made any motion or oral request to amend the pleadings. There was no evidence to support the claim for $600.00 commission. In fact, it was demonstrated that the claim was predicated upon a sale which was never consummated, and, therefore, no commission was or could be due. Nor was there evidence to support the allegations of the so-called fraudulent distributorships. Notwithstanding his allegations in the complaint that he was entitled to commission due on sales made through means and devices designed to conceal the total gross sales of the company upon which he would be entitled to receive a 5% commission, Joss, through his statements on the witness stand, said that he was basing his claim on a “lifetime contract” and the breach thereof on which he would be entitled to dam *490 ages calculated on commissions on company sales in the future for the balance of his life expectancy. He testified that his claim was based on his opinion that had he been allowed to perform under the contract he could improve the gross of the company and boost his commissions correspondingly.
Without making any findings of fact or conclusions of law, the court awarded Joss $4,200.00. On what the judgment is based is conjectural, but it appears that it could be only on the basis that Joss’ employment contract had been breached and that during a subsequent six months period of unemployment he would have earned $4,200.00 in commissions.
There is no evidence in the record to support a judgment for Joss in any amount, on any theory. The record shows he got all of the commissions to which he was entitled on the basis of the sales made. He utterly failed to prove there were sales made in any other manner on which he was entitled to commission. His contract was duly terminated on notice and there was no breach thereof.
. The judgment is reversed and the cause remanded to the trial court with directions to dismiss the action.
Mr. Chief Justice Hall and Mr. Justice McWilliams concur.